Mr. Richard L. Jorandby Public Defender Fifteenth Judicial Circuit 421 3rd Street West Palm Beach, Florida 33401
Dear Mr. Jorandby:
You ask substantially the following question:
May the Public Defender designate an assistant public defender to serve as his representative on a circuit conflict committee?
In sum:
The Public Defender may designate an assistant public defender to serve as his representative on a circuit conflict committee.
Section 925.037(3), Florida Statutes, provides for the establishment of a circuit conflict committee in each judicial circuit. It is the responsibility of the circuit conflict committee to select and approve attorneys for all appointments pursuant to sections 27.53(3) and 925.035, Florida Statutes, commonly known as conflict case appointments.[1] In addition, the circuit conflict committee is responsible for allocating the available funds among the respective counties within the circuit.[2]
The composition of the circuit conflict committee is prescribed by section 925.037(3), Florida Statutes, which states that the committee shall consist of the following:
(a) The chief judge of the judicial circuit or his designated representative. (b) One representative of each board of county commissioners within the judicial circuit, each such representative to be designated by board resolution. (c) The public defender of the judicial circuit.
Section 925.037(3)(a) and (b), Florida Statutes, specifically authorizes the chief judge and the board of county commissioners to appoint representatives. Subsection (3)(c) of the statute, however, in providing for the appointment of the public defender, does not refer to a representative. You state that a question has arisen as to whether a public defender may appoint an assistant public defender to serve as his representative on a circuit conflict committee.
Section 925.037, Florida Statutes, creates circuit conflict committees with representation from the affected governmental officials or entities — the public defender, the chief judge of the circuit, and the county commissioners of the counties within the judicial circuit. However, rather than placing the entire membership of each board of county commissioners within the judicial circuit on the committee, the statute provides that each board select a representative.
Section 27.53, Florida Statutes, authorizes the public defender to employ assistants who serve at the pleasure of the public defender. Such assistant public defenders derive their authority and status from, and act as the agents of, the public defender they serve. Their acts in carrying out the duties of the public defender are, in legal effect, the acts of the public defender.[3]
Accordingly, a public defender would appear to already be authorized to utilize the services of an assistant public defender in carrying out his statutorily imposed duties.
Unlike public defenders, however, there is no statute providing for the appointment of an "assistant chief judge" to carry out the duties of the chief judge in his stead. Thus, it was necessary for section 925.037, Florida Statutes, to expressly provide for a representative of the chief judge to serve on the circuit conflict committee.
In light of the above, I am, therefore, of the opinion that the public defender may designate an assistant public defender to serve as his representative on a circuit conflict committee.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 925.037(4)(a), Fla. Stat. (1993). See, s. 27.53(3), Fla. Stat. (1993), providing that if at any time during the representation of two or more indigents the public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without a conflict of interest, it is his duty to move the court to appoint other counsel. The trial court also has the authority to appoint other counsel on its own motion when the facts disclose a conflict. And see, s. 925.036, Fla. Stat. (1993), regarding the appointment of an attorney in a capital case.
[2] Section 925.037(4)(b), Fla. Stat. (1993).
[3] Cf., Op. Att'y Gen. Fla. 65-15 (1965).